UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pierre Brisbane, ) | Case No. 2:25-cv-12624-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Judge Young; Julie J. Armstrong; ) | |
| Al Cannon Detention Center; ) | |
| Charleston County Sheriff's Office; ) | |
| Jordan A. Norvell; and Solicitor's Office, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Pierre Brisbane, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against Judge Young; Charleston County Clerk of Court Julie J. Armstrong ("Armstrong"); the Sheriff Al Cannon Detention Center ("SACDC"); the Charleston County Sheriff's Office; Assistant Solicitor Jordan A. Norvell ("Norvell"); and the Solicitor's Office (collectively, "Defendants"). (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the Complaint and submit findings and recommendations to the District Judge. For the reasons discussed herein, the undersigned recommends that this case be summarily dismissed without leave to amend.

## BACKGROUND

Plaintiff currently has a series of criminal charges pending before the Charleston County Court of General Sessions, including several counts of assault/battery in the first degree (Case Nos. 2022A1021000050, -51, -52, -53) and various drug offenses (Case Nos. 2022A1010203492, 2022A1010204758, and 2022A1010204759).[1] Although Plaintiff does not specify which of these

---

[1]     The undersigned takes judicial notice of the various criminal proceedings pending against Plaintiff in the Charleston County Court of General Sessions. *See* Case Records Search, https://www.sccourts.org/case-records-

proceedings he intends to challenge, the Complaint suggests that Plaintiff participated in a video hearing while housed at SACDC between March 14, 2025, and May 6, 2025, during which he informed Judge Young that he had "not been indicted on [certain] charges" despite being arrested over three years prior. (Dkt. No. 1 at 6.) Plaintiff apparently moved the court "for a dismissal of charges," and Judge Young informed Plaintiff that "he would make his decision and have his order delivered to Plaintiff at a future time." (*Id.*) Plaintiff claims that he has yet to "receive an order for said hearing and upon searching the Clerk of Court's records, [he] has been informed that no hearing has been documented." (*Id.*)

Based on these allegations, Plaintiff claims that Defendants have violated his constitutional rights to "due process" and "equal protection under the law." (*Id.* at 9.) More specifically, the Complaint contends that Judge Young, Armstrong, and Norvell have collectively "hinder[ed] Plaintiff's ability to access the records of the court by removing/altering court hearing proceedings," such that Plaintiff cannot "locate these records." (*Id.* at 5.) The Complaint further alleges that Judge Young has failed to "deliver a just and timely verdict." (*Id.* at 8.) Plaintiff therefore requests that SACDC release the "video recordings" from the hearing so that he "may enter it into evidence" and the Court award damages in the amount of $150,000 against Judge Young and Armstrong. (*Id.* at 9.) This is the extent of Plaintiff's Complaint.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act

---

search/ (limiting search to Charleston County, Pierrie Brisbane) (last visited Oct. 16, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that a federal court may take judicial notice of the contents of its own records, as well as those public records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The undersigned finds that Plaintiff's allegations fail to state an actionable claim under § 1983 for several reasons.

**I.     Sheriff Al Cannon Detention Center, Charleston County Sheriff's Office, and Solicitor's Office**

At the outset, courts have routinely found that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" for purposes of § 1983. *Norris v. Darlington*

4

*Sheriff's Off.*, No. 1:20-cv-246-DCC-SVH, 2020 WL 473511, at *2–3 (D.S.C. Jan. 28, 2020). Similarly, "entire departments" or "groups of people" are not amenable to suit under § 1983. *See Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL 2332741, at *1 (D.S.C. May 30, 2017); *Graham v. Trinity Food Serv.*, No. 7:23-cv-62, 2023 WL 5019536, at *2 (W.D. Va. Aug. 7, 2023). To that end, SACDC, the Charleston County Sheriff's Office, and the Solicitor's Office are not considered "persons" for purposes of § 1983, regardless of whether Plaintiff refers to the "physical buildings" or the "staff and collection of officials" they house. *See, e.g.*, *Ford v. South Carolina*, No. 8:23-cv-4892-DCC-JDA, 2023 WL 11195401, at *4 (D.S.C. Dec. 4, 2023), *adopted*, 2024 WL 1805872 (D.S.C. Apr. 25, 2024) (Sheriff's Office); *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020) (Detention Center); *Gause v. City of Conway Police Dep't*, No. 4:20-cv-03185-RBH, 2020 WL 6156532, at *2 (D.S.C. Oct. 21, 2020) (Solicitor's Office). Any constitutional claims against these Defendants are therefore subject to summary dismissal.

**II.    Judge Young**

It is well-settled that judges have absolute judicial immunity for their judicial actions. *See Mireless v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Lepelletier v. Tran*, 633 F. App'x. 126, 127 (4th Cir. 2016) (per curiam) (holding that absolute judicial immunity is a protection from suit, not just from damages, meaning that "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . [are] barred by the plain language of 42 U.S.C. § 1983"). Notably, judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal citations omitted). Indeed, "[a] judge is

5

absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. Because Plaintiff's claims against Judge Young appear to arise from certain judicial actions taken in relation to Plaintiff's underlying criminal proceedings—specifically, the delay in ruling on Plaintiff's motion, Judge Young is entitled to absolute judicial immunity in this case. *See Barker v. Keeley*, No. 3:20-cv-202, 2020 WL 12182760, at *7 (N.D.W. Va. Nov. 19, 2020), *adopted*, 2021 WL 4465936 (N.D.W. Va. Sept. 29, 2021) (applying judicial immunity where plaintiff alleged that judge was "improperly delaying her rulings on Plaintiff's motions challenging his conviction"); *see also Hicks v. Lynn*, No. 1:19-cv-3075-ELH, 2019 WL 5625670, at *2 (D. Md. Oct. 30, 2019) (explaining that judicial immunity prevents "imposing a burden on judges to rule hastily on pending motions," which "would contribute not to principled decision-making but to intimidation").

### III.    Julie J. Armstrong

With respect to Armstrong, clerks of court are generally afforded quasi-judicial immunity from suit on claims involving "tasks so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune."[2] *Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *6 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020), *aff'd*, 848 F. App'x 564 (4th Cir. 2021) (internal citations omitted); *see also Adams v. Grant*, No. 2:17-cv-2833-RMG-MGB, 2017 WL 6048913, at *2 (D.S.C. Nov. 13, 2017), *adopted*, 2017 WL 6060604 (D.S.C. Dec. 6, 2017) (explaining that quasi-judicial immunity applies to court personnel because of the "danger that disappointed litigants, blocked by

---

[2] This immunity also "extends to subordinate officials for functions that are more administrative in character that have been undertaken pursuant to the judge's explicit direction." *See Taylor v. Tiffany*, No. 6:20-cv-2291-BHH-JDA, 2020 WL 11624673, at *3 (D.S.C. June 23, 2020) (internal quotation marks and citations omitted).

6

the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts") (internal citations omitted).

Because "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties," judicial subordinates like Armstrong enjoy quasi-judicial immunity for alleged harms related to purported delays and errors in filing. *See Lindsey v. Jewett*, No. 3:19-cv-634, 2020 WL 4036198, at *4 (E.D. Va. July 17, 2020) (internal quotation marks and citations omitted); *see also, e.g.*, *Hamilton*, 2020 WL 7001153, at *6 (collecting cases where clerks were entitled to quasi-judicial immunity for various docketing and filing errors); *Adams*, 2017 WL 6048913, at *3 (applying quasi-judicial immunity where clerk allegedly failed to "properly file" plaintiff's legal documents because such tasks constituted "judicially-related acts performed for the court"). Thus, to the extent Armstrong did not docket the hearing as Plaintiff states, any such claims are subject to summary dismissal under the doctrine of quasi-judicial immunity.

## IV.     Jordan A. Norvell

Similarly, prosecutors are also entitled to immunity from personal liability under § 1983 for alleged civil rights violations committed in the course of "activities intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 468 (4th Cir. 2000). Thus, any allegations regarding Norvell's involvement in Plaintiff's criminal proceedings and the purported delay in producing records from the hearing are protected and subject to summary dismissal under the doctrine of prosecutorial immunity. *See, e.g.*, *Charley v. Off. of the Atty. Gen.*, No. 6:10-cv-1204-CMC-WMC, 2010 WL 2571866, at *3 (D.S.C. May 21, 2010), *adopted*, 2010 WL 2571739 (D.S.C. June 21, 2010), *aff'd*, 404 F. App'x 739 (4th Cir. 2010) (applying prosecutorial immunity where plaintiff alleged unlawful delay and obstruction of justice during state proceedings); *Ballenger v. Norton*,

No. 6:06-cv-3349-RBH, 2007 WL 1462186, at *2 (D.S.C. May 16, 2007), *aff'd*, 238 F. App'x 974 (4th Cir. 2007) (applying prosecutorial immunity where the State allegedly employed "dilatory tactics" that led to "inordinate and unjustifiable delay" of criminal proceedings).

## V.     *Younger* Abstention Doctrine

Finally, it is worth noting that even if Defendants were amenable to suit under § 1983, Plaintiff's claims for injunctive relief would be barred under *Younger v. Harris*, 401 U.S. 37 (1971), which prohibits federal courts from equitably interfering with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the instant case, the first criterion is met because all of Plaintiff's potential criminal proceedings remain ongoing. The second criterion is also met, as the Supreme Court has explained that "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because Plaintiff can address his constitutional claims in his pending criminal

proceedings. *See Gilliam*, 75 F.3d at 904 (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights") (referencing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Because Plaintiff's case meets all three criteria for abstention under *Younger*, federal relief is available only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)).

Plaintiff has not shown the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a plaintiff's constitutional rights without pretrial intervention; thus, where a threat to the plaintiff's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests.").

Plaintiff is plainly able to raise his concerns in his underlying criminal cases, both during trial and on direct appeal if necessary. *See, e.g.*, *Holmes v. Grant*, No. 4:22-cv-3459-MGL-TER, 2022 WL 19331394, at *1–2 (D.S.C. Nov. 2, 2022) (finding no special circumstances where

9

petitioner argued that his criminal proceedings were not being completed in a timely manner), *adopted*, 2023 WL 2717362 (D.S.C. Mar. 30, 2023). Because Plaintiff can pursue his claims in state court, he cannot demonstrate "special circumstances," or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. Thus, his claims for injunctive relief are barred under the *Younger* abstention doctrine at this time.

## CONCLUSION

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies in his Complaint and therefore **RECOMMENDS** that this action be summarily **DISMISSED** without further leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). In light of this conclusion, the Clerk shall not forward this matter to the United States Marshals Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 16, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).