IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pierre Brisbane, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Judge Young; Julie J. Armstrong; )<br>Al Cannon Detention Center; )<br>Charleston County Sheriff's Office; )<br>Jordan A. Norvell; and Solicitor's Office, )<br>)<br>   Defendants. )<br>_____ ) | Civil Action No. 2:25-cv-12624-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Pierre Brisbane's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 16, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend. (ECF No. 9.) In the Report, the Magistrate Judge explained that: (1) Defendants Sheriff Al Cannon Detention Center, Charleston County Sheriff's Office, and Solicitor's Officer do not qualify as "persons" for purposes of § 1983; (2) Defendant Young is entitled to absolute judicial immunity for judicial actions; (3) Defendant Armstrong is entitled to quasi-judicial immunity from suit on claims involving takes so intertwined with the judicial process that they are considered an arm of the immune judicial officer; (4) Defendant Norvell is entitled to immunity from personal liability under § 1983 for alleged civil rights violations committed in the course of activities

intimately associated with the judicial phase of criminal process; and (5) even if Defendants were amenable to suit, Plaintiff's claims for injunctive relief would be barred by *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 9.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 9), and the Court summarily**

**dismisses this action without further leave to amend.**

      **IT IS SO ORDERED.**

                                               /s/Bruce H. Hendricks  
                                               United States District Judge

November 5, 2025  
Charleston, South Carolina

. many Defendants are subject to dismissal because Plaintiff fails to allege any direct, personal involvement in the events underlying his claims: (2) many Defendants are entitled to dismissal to the extent they are sued in a supervisory capacity; (3) some Defendants are immune from suit for claims against them for money damages; (4) Defendant Spencer is not a state actor subject to suit under § 1983; (5) the allegations against the remaining Defendants are insufficient to state a claim for relief against them; and (6) this action is subject to dismissal because it is duplicative.  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate

4

Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 16), and the Court dismisses this action without service of process and without further leave to amend.**

    **IT IS SO ORDERED.**

                                      /s/Bruce H. Hendricks
                                      United States District Judge

November 5, 2025
Charleston, South Carolina